# 97 DTA 170

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**
**PANEL I**

ANA CELIA RIVERA PEREZ
Querellante-Recurrida

v.

ESTANCIAS DEL RIO, INC., ET AL
Querellados-Recurrentes

Núm. KLAA-96-00197

San Juan, Puerto Rico, a 14 de agosto de 1997

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Soler Aquino y señor Riverà Pérez

Rivera Pérez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Estancias del Río, Inc. acude ante esta Curia solicitando la revisión de una resolución emitida por el Departamento de Asuntos del Consumidor el 14 de julio de 1995. En dicha resolución se ordenó a Estancias del Río, Inc. y a Valeuno Corporation reemplazar, de forma solidaria, 1,800 losetas del piso de la propiedad perteneciente a los esposos Ana Celia Rivera Pérez y Angel Agosto Mercado, o en su lugar satisfacer la suma de $13,327.20. De igual forma, se impuso como multa a estas compañías el pago de $10,000 dólares, en caso de no cumplir con lo ordenado dentro de los términos establecidos en dicha resolución. Se deniega la expedición del auto solicitado.

### I

La señora Ana Celia Rivera Pérez y su esposo, el señor Angel Agosto Mercado, son dueños de una propiedad ubicada en la calle 1 A-6 de la Urbanización Estancias del Río, en Aguas Buenas, Puerto Rico. Adquirieron esa propiedad, a título de compraventa, de la compañía Estancias del Río, Inc., mediante escritura pública de compraventa número siete (7) otorgada en San Juan, Puerto Rico, el 14 de marzo de 1994 ante la notario público Debra M. Jiménez Suárez. ■ La Urbanización Estancias del Río fue construida por Valeuno Corporation y desarrollada por la compañía Estancias del Río, Inc.

El 13 de abril de 1994, la señora Ana Celia Rivera Pérez y el señor Angel Agosto Mercado, le notificaron a la desarrolladora Estancias del Río, Inc. sobre la existencia de varias deficiencias en la propiedad recién adquirida por ellos. ■ Tales deficiencias consistían en manchas en las losetas del piso y un deslizamiento de tierra en el talud de la parte posterior de la propiedad. Ante la inacción de la desarrolladora, los esposos Agosto Rivera radicaron el 30 de septiembre de 1994 una querella ante el Departamento de Asuntos del Consumidor, en adelante DACO, en la cual reclamaban la existencia de las siguientes deficiencias: ■

*a) losas de piso manchadas prácticamente en toda la residencia;*

*b) losas, de pared en baño master - estaban manchadas las cambiaron y ahora se ven diferentes;*

*c) talud de parte de atrás de la residencia ha ido cediendo.*

A raíz de la radicación de esta querella,, el 14 de noviembre de 1994 un técnico del DACO, el señor Víctor Torres Borges, inspeccionó la propiedad de los querellados, aquí recurridos, con el propósito de constatar las alegadas deficiencias. El 16 de noviembre de 1994, el técnico del DACO emitió su informe sobre la inspección realizada a la propiedad, en el cual detalló los siguientes hallazgos: ■

*a) Las losetas de cerámica de color 'bone white' presentan manchas de color amarillo en algunos casos muy notables y en otros leves. Esta condición se puede apreciar através [sic] de toda la casa y afecta aproximadamente el 50% del piso.*

*b) Se sustituyeron doce (12) azulejos y cuatro (4) lozas en una pared del cuarto de baño principal y la tonalidad de las mismas es diferente. Los azulejos son de un color o tono rosado. Las que se instalaron con posterioridad son más oscuras.*

*c) El talud en el patio posterior de la residencia ha sufrido algunos deslizamientos aunque al presente nos luce estable y está forrado de plantas y arbustos.*

Además, formaba parte de este informe el siguiente estimado de costos de corrección de las deficiencias encontradas:

a) remoción de losetas incluyendo acarreo.........$ 45.00

b) instalación de losetas......................................8,280

c) azulejos de pared (remoción inst)........................530

 Alquiler................................................................500

Mudanza.............................................................1,000

Imprevistos.......................10%..................................896

Seguro Obrero...................7%...............................627.20

Beneficio Industrial..........15%..............................1,344

Total.................$13,327.20

El 20 de junio de 1995, el DACO celebró vista administrativa, en la cual ambas partes tuvieron oportunidad de presentar prueba. Finalmente, el 14 de julio de 1995 el DACO emitió la resolución recurrida, en la que declaró con lugar la reclamación presentada por los querellantes, aquí recurridos, ordenando, en forma solidaria, a Estancias del Río, Inc. y a Valeuno Corporation a que dentro del término de treinta (30) días corrigieran los defectos de construcción de las losetas de cerámica del piso y los azulejos de la pared del baño principal de la residencia. ■ De igual forma, dispuso que de no cumplir la parte querellada con lo ordenado dentro del término provisto, vendría obligada a indemnizar a la querellante la suma de $13,327.20, dentro del término de diez (10) días luego de expirado el primer plazo. La parte querellada fue apercibida que de no cumplir con lo ordenado le sería impuesta una multa de $10,000 dólares.

Inconforme con esta determinación, Estancias del Río, Inc. presentó el 2 de enero de 1996 el recurso de revisión que hoy nos ocupa, ante el Tribunal de Primera Instancia, Sala Superior de San Juan. El recurso fue referido a este Tribunal, mediante orden emitida por el Juez Administrador de esa región judicial del Tribunal de Primera Instancia el 19 de junio de 1996. ■

Los señalamientos de errores presentados por la parte querellada-recurrente se reducen a imputar que la decisión emitida por el DACO en la resolución recurrida violenta su derecho a un debido proceso de ley, y que esa determinación no está sostenida por evidencia sustancial que obre en el expediente. No logra persuadirnos la parte querellada-recurrente con tal planteamiento. Veamos.

## II

De conformidad con lo establecido en la sección 3.1 de la Ley de Procedimiento Administrativo Uniforme, ■ en todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los derechos a notificación oportuna de los cargos o reclamaciones, derecho a presentar prueba, derecho a una adjudicación imparcial y derecho a que la decisión esté basada en el expediente.

La parte querellada-recurrente sostiene que le fue violentado su derecho a un debido proceso de ley, ya que no testificó en la vista administrativa el técnico del DACO que rindió el informe de deficiencias encontradas en la propiedad, sobre el cual se apoyó la decisión recurrida. Por otra parte, sostuvo que el DACO emitió la resolución recurrida sin haberse concedido la inspección ocular por ellos solicitada ni la posposición de vista administrativa solicitada, con el fin de presentar el testimonio de un testigo que no pudo testificar en la primera vista administrativa celebrada el 20 de junio de 1995.

La sección 3.13 de la Ley de Procedimiento Administrativo Uniforme, ■ en su inciso (b), establece que el funcionario que presida una vista administrativa ofrecerá a las partes la extensión

necesaria para una divulgación completa de todos los hechos y cuestiones en discusión, la oportunidad de responder, presentar evidencia y argumentar, conducir contrainterrogatorio y someter evidencia en refutación, excepto según haya sido restringida o limitada por estipulaciones de las partes en la conferencia con antelación a la vista. Nótese, que la disposición en cuestión le concede al funcionario que preside la vista amplia discreción para regular la extensión de la divulgación de los hechos y la presentación de la prueba. El criterio que ejerce el funcionario está limitado por las estipulaciones establecidas por las partes en la conferencia con antelación a la vista. Tal funcionario tiene la facultad de excluir aquella evidencia que sea repetitiva. ■

En el caso de autos, el funcionario del DACO que presidió la vista administrativa ejerció la discreción concedida en la antes citada disposición de ley, al no conceder la inspección ocular solicitada ni acceder a la solicitud de posposición de la vista administrativa solicitada por la querellada-recurrente. A su vez, procedió a emitir la decisión final del caso, basándose en la prueba testifical y documental presentada en la vista administrativa celebrada el 20 de junio de 1995. No podemos encontrar violación alguna a la garantía constitucional de la peticionaria a un debido proceso de ley en el caso de autos.

Reiteradamente se ha resuelto que los tribunales no deben intervenir en los quehaceres de las agencias administrativas más allá de lo que sea realmente necesario, ya que las decisiones y criterios de los organismos administrativos especializados merecen gran consideración y respeto, en vista de su vasta experiencia y conocimiento. *Agosto Serrano v. Fondo del Seguro del Estado*, 133 D.P.R. ___ (1993), **93 J.T.S. 37**, opinión de 8 de marzo de 1993; *M & V. Orthodontics v. Negociado de Seguridad en el Empleo*, 115 D.P.R. 183 (1984).

Además, las determinaciones de hechos realizadas por organismos administrativos tienen a su favor una presunción de regularidad y corrección, que prevalecen mientras la parte que las impugne no produzca suficiente evidencia para derrotarlas. *Metropolitana, S.E. v. A.R.P.E.*, 140 D.P.R. ___ (1995), **95 J.T.S. 39**, opinión de 10 de abril de 1995; *La Facultad Para las Ciencias Sociales Aplicadas v. Consejo de Educación Superior*, 134 D.P.R. ___ (1993), **93 J.T.S. 88**, opinión de 2 de junio de 1993; *Aulet Lebrón v. Departamento de Servicios Sociales*, 129 D.P.R. ___ (1991), **91 J.T.S. 73**, opinión de 28 de junio de 1991; *López Vives v. Policía de P.R.*, 118 D.P.R. 219, 229-230 (1987); *Rivera Stgo. v. Srio. de Hacienda*, 119 D.P.R. 265 (1987); *Díaz Marín v. Municipio de San Juan*, 117 D.P.R. 334 (1986). La parte querellada-recurrente no ha logrado rebatir tal presunción. Por otra parte, el planteamiento en cuanto a que las determinaciones de hechos que conforman la resolución recurrida no están sostenidas por evidencia sustancial, no nos convence.

Las determinaciones de hechos realizadas por un organismo administrativo serán concluyentes si están sostenidas por evidencia sustancial que obre en el expediente administrativo. ■ *Misión Industrial v. Junta de Planificación*, ___D.P.R. ___ (1997), **97 J.T.S. 34**, opinión de 21 de marzo de 1997; *Metropolitana, S.E. v. A.R.P.E.*, supra; *Delgado Rdz. v. Nazario de Ferrer*, 121 D.P.R. 347 (1988); *Rodrigo v. Tribunal Superior*, 101 D.P.R. 151 (1973); *Robledo, Alcalde v. C.V.O.M.*, 95 D.P.R. 1, 17 (1967); *Sucn. A. Bernal v. Peñagarícano*, 84 D.P.R. 526, 531 (1962); *López v. Junta de Planificación*, 80 D.P.R. 646 (1958).

En Puerto Rico, la doctrina de evidencia sustancial fue establecida por el Tribunal Supremo, en el caso de *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670, 686 (1953). Esta doctrina está delimitada por la sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, ■ y persigue evitar la sustitución del criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor. Las determinaciones de hechos emitidas por una agencia serán respetadas por los tribunales si están basadas en una interpretación razonable de la prueba. En cambio, las conclusiones estrictamente de derecho podrán ser revisadas en todos sus extremos. *Rodrigo v. Tribunal Superior*, supra; *Murphy Bernabé v. Tribunal Superior*, 103 D.P.R. 692, 699 (1975); *Robledo, Alcalde v. C.V.O.M.*, supra; *López v. Junta de Planificación*, supra.

Evidencia sustancial es aquella *"que una mente razonable podría aceptar como adecuada para sostener una conclusión"*, aunque exista prueba conflictiva de la cual pueda inferirse conclusiones distintas a las que la agencia adopta. *Hilton Hotels v. Junta de Salario Mínimo*, 74 D.P.R. 670 (1954). Se ha establecido que la evidencia no es sustancial, cuando la parte recurrente demuestra la existencia

de *"otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada... y hasta el punto que se demuestre claramente que la decisión no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración".* Metropolitana, S.E. v. A.R.P.E., supra. En lo que concierne a la credibilidad que le merezcan los testigos de una y otra parte, ha sido resuelto que ello es función exclusiva del organismo administrativo. *Junta de Relaciones del Trabajo v. Simmons Int'l. Ltd.*, 78 D.P.R. 375 (1995).

La apreciación de la prueba que realizara el organismo administrativo debe prevalecer en ausencia de pasión, prejuicio y parcialidad o error manifiesto. *Gallardo v. Petiton,* 133 D.P.R. ___ (1992), **92 J.T.S. 158**, opinión de 30 de noviembre de 1992; *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8 (1987); *Quintana Tirado v. Longoria,* 112 D.P.R. 276 (1982). Nuestra función es examinar la totalidad del expediente ante nuestra consideración y refrendar la decisión del organismo administrativo si está basada en evidencia sustancial. *Junta de Relaciones del Trabajo v. Línea Suprema, Inc.,* 89 D.P.R. 840 (1964).

En el caso de autos, la querellada-recurrente solicita la revisión de la decisión emitida por el DACO, y sostiene que las determinaciones de hechos de la resolución recurrida no están sostenidas por evidencia sustancial. Alega la querellada-recurrente, para sostener tal planteamiento, que surge del expediente que la residencia estuvo bajo el control exclusivo de la parte querellante-recurrida desde la fecha en que se otorgó la escritura de compraventa, el 14 de marzo de 1994, y que no fue hasta el 13 de abril de 1994 que por primera vez éstos reclamaron las deficiencias relacionadas con las manchas en la cerámica del piso de la propiedad. De igual forma, cuestiona la confiabilidad del informe rendido por el técnico del DACO, y que éste se ajuste a la realidad.

La parte querellada-recurrente no ha colocado a este Tribunal en condición de determinar que las conclusiones de hechos del DACO no encuentran apoyo en la evidencia desfilada ante ese organismo. Las alegaciones sometidas por dicha parte no invalidan la razonabilidad de la decisión administrativa. Entre los documentos presentados ante el DACO se encuentra el informe rendido por el técnico de dicho organismo tras inspeccionar las deficiencias señaladas en la residencia propiedad de los querellantes-recurridos. En dicho informe se detallan las deficiencias encontradas y se incluyó un estimado de los costos para la corrección de tales deficiencias. El DACO, en la resolución recurrida, acogió favorablemente las recomendaciones contenidas en ese informe. La querellada-recurrente no ha demostrado que en el expediente administrativo exista otra prueba que razonablemente reduzca o menoscabe el peso de la evidencia suministrada. No logró demostrar que las actuaciones de la agencia no estuviesen fundamentadas en hechos que obren y consten en el expediente administrativo. El análisis realizado por el DACO, conducente a la determinación contenida en la resolución recurrida, entendemos fue uno acorde con la prueba ante él presentada y la cual conforma el expediente de autos. Esa prueba en ningún momento fue controvertida.

## III
Por los fundamentos antes expresados, se deniega la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 170

1. Apéndice II, págs. 2-8 de la petición de revisión.

2. Apéndice III, pág. 9, *Ibid.*

3. Apéndice IV, pág. 10, *Ibid.*

4. Apéndice VI, pág. 12, *Ibid.*

**5.** Apéndice IX, págs. 17-21, *Ibid.*

**6.** Artículo 9.004 (a) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Número 248 de 25 de diciembre de 1995.

**7.** 3 L.P.R.A. § 2151.

**8.** 3 L.P.R.A. § 2163.

**9.** Sección 3.13, *supra*, inciso (c).

**10.** 3 L.P.R.A. § 2175.

**11.** *Ibid.*