Luis F. Silva Recio, Secretario del Trabajo Interino del Estado Libre Asociado de Puerto Rico, demandante y recurrente, *v.* Ángel Félix Ríos, demandado y recurrido.

*Número:* R-68-329      *Resuelto:* 7 de enero de 1971

*Juan A. Arill Miranda, Lydia A. Torres González* y *Eunice Sein de Cinque,* abogados del recurrente; *Heriberto Torres Vázquez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Secretario del Trabajo determinó que bajo las disposiciones de la Ley de Seguridad de Empleo, Ley Núm. 74 de 21 de junio de 1956, según enmendada (29 L.P.R.A. sec. 701), el negocio del recurrido Ángel Félix Ríos era una unidad de empleo y como tal un patrono sujeto al pago de la contribución impuesta por dicha ley. No habiendo dicho patrono pagado la contribución impuéstale, a petición del Secretario del Trabajo se registró sentencia por el Secretario del Tribunal Superior, Sala de San Juan, condenando al patrono a pagar al Secretario del Trabajo la suma de $290.86. Notificado de esta sentencia, el patrono radicó una moción

ante el Tribunal Superior, Sala de San Juan, atacando su validez por los fundamentos siguientes: (a) el demandado no es un patrono a tenor con el inciso (i) de la Sec. 702 del Título 29 de L.P.R.A.; (b) las personas en virtud de las cuales reclama el Hon. Secretario del Trabajo no son empleados del demandado a tenor con el inciso (k) de la Sec. 702 del mismo título; (c) porque no se ha determinado que el negocio constituya una unidad de empleo a tenor con la Ley de Seguridad de Empleo; (d) porque si el Secretario del Trabajo, a través de sus agentes y empleados ha hecho tal determinación, lo ha hecho en forma arbitraria e ilegal, a espaldas del demandado y en flagrante violación del debido proceso de ley; y (e) porque al demandado nunca se le ha notificado de tal determinación.

A esta moción se opuso por escrito el Secretario del Trabajo y luego de celebrarse una vista a la cual compareció únicamente el demandado, el Tribunal Superior dictó una resolución en la que "resuelve que como cuestión de hecho y derecho, el Honorable Secretario del Trabajo del Estado Libre Asociado de Puerto Rico no ha determinado, en la forma dispuesta por la Ley, que el demandado sea una unidad de empleo a tenor con las disposiciones de la Ley de Seguridad de Empleo."

Acordamos revisar esta resolución, que a todos los efectos legales equivale a una sentencia anulando y dejando sin efecto la sentencia registrada por el Secretario de dicho Tribunal.

■ La Ley de Seguridad de Empleo de Puerto Rico (29 L.P.R.A. sec. 701) impone una contribución a toda unidad de empleo que sea un patrono de acuerdo con los términos de dicha ley. Para las determinaciones sobre unidades de empleo sujetas al pago de la contribución, se establece un procedimiento administrativo mediante el cual se brinda oportunidad tanto a la unidad de empleo como a los

empleados para suscitar cualquier cuestión respecto al status legal de la unidad de empleo concernida. De la determinación que haga el Director del Negociado de Seguridad de Empleo puede apelarse al Secretario del Trabajo del Estado Libre Asociado y contra la decisión de éste se concede el derecho a la revisión judicial. Dicho procedimiento según veremos, cumple con las exigencias de un debido proceso de ley. En sus apartados (a) y (b) dispone la Sec. 707:

"§ 707. Determinaciones sobre unidades de empleo

(a) *Determinaciones y reconsideraciones.*—(1) El Director determinará a base de sus conclusiones de hecho, bien a iniciativa propia o a solicitud de una unidad de empleo, o de uno o más de los empleados de ésta, si la unidad de empleo es un patrono y si el servicio prestado a la misma constituye empleo. La determinación deberá hacerse dentro de los 5 años después de haber ocurrido los hechos que la motivan.

(2) Dentro de un año a partir de la fecha en que el Director haya hecho una determinación bajo el párr. (1) del inciso (a) de esta sección, podrá reconsiderar, a iniciativa propia su determinación a la luz de evidencia adicional y hacer una redeterminación.

(3) Una notificación de la determinación hecha por el Director bajo el párr. (1) ó (2) del inciso (a) de esta sección, que contendrá una exposición de los hechos encontrados probados por el Director será enviada por correo o en alguna otra forma a la última dirección conocida de la unidad de empleo correspondiente y del empleado o empleados solicitantes.

(4) Dentro de quince (15) días después del envío por correo o algún otro medio de una notificación de una determinación hecha bajo el párr. (1) ó (2) del inciso (a) de esta sección a la última dirección conocida de una unidad de empleo y del empleado o empleados solicitantes, dicha unidad de empleo o cualquiera de sus empleados puede solicitar del Director la reconsideración de su determinación a la luz de evidencia adicional y que dicho funcionario emita una redeterminación. De acceder a lo solicitado, el Director enviará por correo o algún otro medio a la última dirección conocida de la unidad de empleo correspondiente, o del empleado o empleados solicitantes, un aviso

de la redeterminación, que incluirá una exposición de los hechos en apoyo de la misma que han sido encontrados probados por el Director; si la solicitud fuera denegada suministrará aviso de dicha denegatoria.

(5) Dentro de quince (15) días del envío por correo o algún otro medio a la unidad de empleo y al empleado o empleados solicitantes, de una determinación hecha bajo el párr. (1), (2), ó (4) del inciso (a) de esta sección o de una denegatoria de solicitud bajo el párr. (4) del inciso (a) de esta sección, dicha unidad de empleo o el empleado o empleados solicitantes, podrán apelar de la determinación al Secretario. El Secretario concederá a las partes oportunidad razonable para tener una audiencia justa según se provee en la sec. 706 de este título para el caso de audiencias ante los árbitros. La decisión del Secretario será final a menos que dentro del término de diez (10) días del envío por correo o algún otro medio a la última dirección conocida de una parte, ésta inicie procedimientos de revisión judicial de acuerdo con la sec. 706 (i) de este título. Cuando la parte apelante fuere la unidad de empleo el tribunal judicial podrá requerir de ésta la prestación de una fianza para garantizar el pago de cualesquiera contribuciones e intereses que dicho tribunal finalmente determine que se adeudan por el apelante.

(b) *Carácter concluyente de la determinación.*—Una determinación hecha por el Director bajo el inciso (a) de esta sección con respecto al estado legal de una unidad de empleo, en ausencia de apelación interpuesta contra la misma, así como una determinación final del Secretario a base de una apelación, juntamente con el récord del procedimiento serán admisibles en cualquier procedimiento subsiguiente bajo este Capítulo. Con respecto a una unidad de empleo que hubiera sido parte en dicho procedimiento la determinación será concluyente, en ausencia de fraude y si estuviere sostenida por evidencia sustancial, excepto en cuanto a errores de derecho." (6A L.P.R.A., págs. 93–94.)

El Negociado de Seguridad de Empleo practicó una investigación del negocio de taxi operado por el demandado, habiendo encontrado que a partir del 10 de abril de 1967 había utilizado los servicios de 4 ó más empleados. En 11 de junio de 1968 se le envió notificación al demandado-recurrido en

la cual se le informaba que se le consideraba como un patrono sujeto al pago de la contribución impuesta por la Ley de Seguridad de Empleo. Se le informaba además el número de su cuenta y el hecho de que debía rendir informes sobre contribuciones y salarios pagados. Esa notificación especificaba además que de acuerdo a la Sec. 7(a), incisos (4) y (5) de la Ley de Seguridad de Empleo, el demandado tenía derecho a solicitar una revisión y redeterminación de su caso o apelar ante el Secretario del Trabajo de la determinación en cuanto si era un patrono bajo la ley, dentro de los quince días a partir de la fecha de dicha notificación.

El demandado no hizo uso del derecho que le concedía la Sec. 7(a), incisos (4) y (5) de la ley ni radicó informes sobre contribuciones y salarios pagados.

A base de las Declaraciones de Contribuciones preparadas durante la investigación se le remitió al demandado recurrido en 18 de junio de 1968 un Aviso de Delito #20667 en el cual se detallaban las contribuciones vencidas y los intereses correspondientes. Dicho aviso contenía la siguiente nota:

*"Derecho de Apelación*

Si usted no está conforme con esta notificación podrá apelar ante el Tribunal Superior dentro de los quince (15) días a partir de la fecha del envío de ésta. Después de este término procederemos al cobro de acuerdo con los procedimientos judiciales que nos autoriza la Ley."

Tampoco el demandado hizo uso de ese derecho de apelación, ni pagó las contribuciones adeudadas con sus intereses correspondientes.

La Sec. 9(e), (1), (2) y (3) de la Ley de Seguridad de Empleo (29 L.P.R.A. sec. 709), dispone:

"(e) *Computaciones.*—(1) Si cualquier patrono presentare informes con el propósito de que se determine la cantidad de contribuciones adeudadas pero dejare de pagar cualquier parte de las contribuciones o intereses adeudados sobre las mismas,

o dejase de presentar dichos informes a su debido tiempo, o presentare un informe incorrecto o insuficiente, el Secretario podrá computar las contribuciones adeudadas a base de la información suministrada por el patrono o a base de un estimado en cuanto a la suma adeudada, y dará notificación escrita a dicho patrono de tal computación. Dentro de quince (15) días desde el envío por correo de dicha notificación a la última dirección conocida del patrono o de su entrega por cualquier otro medio, el patrono podrá apelar a la sala del Tribunal Superior de. la jurisdicción donde el solicitante tenga su establecimiento principal de negocio.

(2) Si el Secretario determinase que el cobro de cualesquiera contribuciones o intereses bajo las disposiciones de este Capítulo fuere afectado por motivo de dilación, podrá computar inmediatamente dichas contribuciones, juntamente con los intereses y dar aviso escrito de ello al patrono aun cuando el tiempo prescrito por este Capítulo o por cualquiera reglamentación promulgada al amparo del mismo para hacer informes y pagar dichas contribuciones, hubiera o no expirado. En tales casos, el derecho de apelar al Tribunal Superior quedará condicionado al pago de las contribuciones e intereses así computados o al aseguramiento adecuado del pago de dichas sumas al Secretario de Hacienda.

(3) Si un patrono dejare de pagar la cantidad que hubiere sido computada de acuerdo con esta sección, el Secretario podrá radicar en la sala del Tribunal Superior de aquella jurisdicción donde el patrono tenga su oficina principal, un certificado bajo su sello oficial haciendo constar el nombre del patrono, su dirección, la cantidad que le ha sido computada por concepto de contribuciones e intereses adeudados y la cantidad de cualesquiera penalidades impuestas y radicará copia de dicho certificado en la sala del Tribunal Superior de cualquier jurisdicción en que dicho patrono posea propiedad mueble o inmueble; debiendo los secretarios de las respectivas salas hacer constar en el libro de sentencias mediante Acta el nombre del patrono que figura en el certificado, la cantidad computada y adeudada de contribuciones, intereses o penalidades y la fecha en que dicho certificado fuere radicado. Cuando la referida Acta de Sentencia haya sido debidamente registrada, la cantidad del cómputo constituirá un gravamen sobre todos los derechos del patrono, legales

o equitativos, con respecto a cualquier propiedad, mueble o inmueble, tangible o intangible situada en la jurisdicción donde el certificado o una copia del mismo hubiere sido radicada. Para determinar la prelación del gravamen así constituido, se seguirá el mismo orden de preferencia que dispone la subsec. (c) de esta sección. Ningún gravamen por concepto de contribuciones, intereses o penalidades será válido contra una persona que adquiera por compra propiedad mueble del patrono en el curso usual del negocio, de buena fe y sin tener conocimiento legal de la existencia de dicho gravamen. Dicho gravamen podrá ser ejecutado por los alguaciles del Tribunal Superior o previa notificación a dicho tribunal por cualquier funcionario o empleado del Negociado de Seguridad de Empleo que el Director designe sobre cualquier propiedad mueble o inmueble en la misma forma que una sentencia del Tribunal Superior debidamente registrada; Disponiéndose, que en la ejecución de dicho gravamen el funcionario o empleado designado tendrá los mismos poderes y facultades conferidos por ley a los alguaciles del Tribunal Superior, incluyendo la facultad de diligenciar mandamientos de embargo y ejecución de sentencias, embargando y vendiendo bienes muebles e inmuebles de los deudores en dichas sentencias, anunciando las subastas, haciendo las notificaciones y otorgando las escrituras de traspaso, actas, certificados de diligenciamiento y demás documentos que sean propios de estos actos y realizando cualquier otra actividad de las que corrientemente realizan los alguaciles del Tribunal Superior en casos de esta naturaleza. Disponiéndose, además, que cualquier embargo de bienes o ejecución de sentencia podrá hacerse con o sin incautación de dichos bienes, bastando para ello con que se notifique al deudor sobre los bienes embargados, dándole una relación escrita de éstos y notificándole que no podrá usar, enajenar, gravar, alterar, remover o de otro modo disponer de los mismos hasta tanto el tribunal provea lo contrario; y cualquier uso, gravamen, enajenación, alteración, remoción u otra disposición de dicha propiedad que se haga en ausencia de una orden judicial que lo permita, será considerada como absolutamente nula e ineficaz. En adición a cualquier otra penalidad provista en la sec. 714 de este título, el patrono que dejare de cumplir con esta disposición podrá ser castigado por desacato." (6A L.P.R.A., págs. 104 a 106.)

Fue acogiéndose a las anteriores disposiciones de la ley y ajustándose al procedimiento establecido en la misma, que el Secretario del Trabajo obtuvo sentencia judicial contra el demandado-recurrido.

En ausencia de fraude y habiendo tenido el demandado todas las oportunidades que le concede la ley dentro del procedimiento administrativo, incluso el de revisión judicial para impugnar las determinaciones de hecho y de derecho del Secretario del Trabajo, sin que lo hubiera hecho, por lo que dichas determinaciones se convirtieron en finales y firmes, la sentencia registrada por el Secretario del Tribunal Superior está protegida contra el ataque que en la forma y por los fundamentos que expuso, le hizo el demandado.

El demandado venía obligado a agotar el remedio administrativo establecido por ley. En el procedimiento seguido por el Secretario del Trabajo, el demandado pudo y debió suscitar todas las cuestiones de hecho y de derecho que planteó al Tribunal Superior cuando impugnó la sentencia registrada por el Secretario de dicho tribunal. El remedio administrativo no era inadecuado, (¹) y la materia envuelta no era una estrictamente de derecho. (²) La agencia administrativa pudo otorgar el remedio adecuado al demandado, (³) el cual no era ilusorio, (⁴) ni actuó el Secretario del Trabajo sin jurisdicción o en exceso de sus facultades y atribuciones legales, (⁵) por lo que era imperativo para el demandado acogerse a dicho procedimiento, antes de recu-

---

(1) *Greene* v. *United States*, 376 U.S. 149.

(2) *N.L.R.B.* v. *Shipbuilding Local 22*, 391 U.S. 418.

(3) *Kroeger* v. *Stahl*, 148 F.Supp. 403.

(4) *Kotlarich* v. *Ramsey*, 144 A.2d 279; *Levitt & Sons, Inc.* v. *State Div. Against Discrim., Etc.*, 158 A.2d 177; *Marranca* v. *Harbo*, 197 A.2d 865.

(5) Davis, *Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review and Primary Jurisdiction*, 28 Texas L. Rev.; Davis, *Administrative Law Treatise*, Vol. 3, Sec. 20.01 *et seq.* Joffe, *Judicial Control of Administrative Action*, págs. 424 *et seq.*

rrir, a una acción judicial para atacar las actuaciones y determinaciones del Secretario del Trabajo porque a eso equivale, en esencia, la moción que presentó ante el Tribunal Superior solicitando la nulidad de la sentencia registrada por el Secretario del Tribunal. Véase *E.L.A.* v. *12,974.78 Metros Cuadrados*, 90 D.P.R. 506 (1964).

Por los motivos consignados anteriormente, *se revoca y deja sin efecto la resolución dictada por el Tribunal Superior, Sala de San Juan, en 17 de octubre de 1968, y se devuelve el caso para ulteriores procedimientos.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra, no intervinieron.