Molini y Vélez Orthodontics, demandante y recurrente, *v.* Negociado de Seguridad de Empleo, demandado y recurrido.

*Número:* O-84-15      *Resuelto:* 20 de marzo de 1984

*Jaime Santos Mirabal,* abogado de la recurrente; *Miguel Rodríguez Villanueva,* abogado del recurrido.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

Los odontólogos Noel Molini y Hernán Vélez establecieron una *sociedad profesional* (1) para la práctica privada de su profesión con oficinas principales en la ciudad de San Juan, Puerto Rico. En el desempeño normal de sus funcio-

---

(1) Bajo el nombre de "Molini y Vélez, *Orthodontics*".

nes, dicha sociedad emplea asistentes dentales y personal de oficina y administrativo. La sociedad es y ha sido "patrono" bajo las leyes de Seguridad de Empleo y Beneficios por Incapacidad desde el 1ro de octubre de 1979.[2] El Negociado de Seguridad de Empleo del Departamento del Trabajo y Recursos Humanos del Estado Libre Asociado de Puerto Rico realizó una investigación con el propósito de corroborar si en los informes trimestrales rendidos por la referida sociedad se habían incluido todos los salarios pagados a los "empleados" de la misma. Se encontró que la sociedad no incluía en dichos informes trimestrales —por lo que no pagaba por ello— los "salarios" pagados por ésta a los doctores Molini y Vélez.

Cuestionada por la sociedad la corrección de dicho señalamiento y solicitada por ésta una *vista administrativa,* con el propósito de exponer sus argumentos y la prueba pertinente en contrario, el Negociado concedió una *reunión informal* con el funcionario que había realizado la intervención y con el supervisor de éste. Con posterioridad a dicha reunión el referido Negociado notificó a la sociedad, mediante *formularios* al efecto, unas deficiencias relativas a los salarios de los mencionados socios.[3] Apeló la sociedad ante el honorable Tribunal Superior de Puerto Rico, Sala de San Juan. Dicho foro —Hon. Ángel D. Ramírez, Juez— mediante una escueta sentencia declaró sin lugar el recurso radicado.

Inconforme, recurrió la sociedad ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari.*[4] En el mismo imputó al tribunal de instancia la comisión de tres (3) errores, a saber:

---

[2] Ley Núm. 74 de 21 de junio de 1956 (29 L.P.R.A. secs. 701 a 717) y Ley Núm. 139 de 26 de junio de 1968 (11 L.P.R.A. secs. 201 a 212).

[3] Ascendente la misma a la suma de $13,899.97. En los mismos no se expone fundamento alguno; sólo contiene cómputos matemáticos.

[4] Previa la consignación ante el tribunal de instancia, según lo exige la ley, de la referida suma de $13,899.97.

La sentencia dictada por el Honorable Tribunal de Instancia es errónea por los siguientes fundamentos:

1— Porque es contraria a las mismas disposiciones de las leyes número 74 y 139 supra ya que en su sección 7 se establece el derecho de una unidad de empleo a la celebración de vistas administrativas para la determinación de si una unidad de empleo es un "patrono" y si el servicio prestado a la misma constituye "empleo".

2— Porque dicha sentencia priva a los Recurrentes de su propiedad sin el debido procedimiento de ley y le niega la igual protección de las leyes, todo ello en violación de la Cláusula Séptima de la Constitución del Estado Libre Asociado de Puerto Rico.

3— Porque dicha setencia [*sic*] confirma actuaciones erróneas de la Parte Recurrida al considerar para fines de la contribución que imponen las leyes número 74 y 139, supra que:

    a— Molini y Vélez Orthodontics era "patrono" de sus socios doctores Noel Molini y Hernán Vélez y

    b— el servicio prestado por los doctores Molini y Vélez constituye "empleo".

Con fecha de 2 de febrero de 1984 emitimos una resolución mediante la cual concedimos el término de veinte (20) días a la parte recurrida para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado, revocar la sentencia dictada por el tribunal de instancia y devolver el caso a la fase administrativa en vista de que la agencia concernida no había cumplido con el trámite administrativo estatuido por el Art. 7 de la Ley de Seguridad de Empleo, 29 L.P.R.A. sec. 707.

El Secretario del Departamento del Trabajo y Recursos Humanos ha comparecido. Su comparecencia es a los efectos de que no le asiste la razón a la sociedad recurrente, en vista de que siendo ésta un "patrono" desde el 1979, el Negociado de Seguridad de Empleo no tenía que hacer determinación "nueva" alguna sobre ello bajo la citada Sec. 707; que es "meridianamente claro" que para efectos de las leyes aquí en controversia [5] es tributable la "compensación" recibida por

---

[5] Ley de Seguridad de Empleo y la Ley de Beneficios por Incapacidad.

los socios de una sociedad profesional; que la intervención de la agencia, en su consecuencia, se limitó a la realización de unos meros cómputos en relación con los salarios de los "empleados" (los socios) no incluidos por la sociedad en los informes trimestrales; que en vista de todo lo anteriormente expresado, las disposiciones legales aplicables al caso ante nuestra consideración lo son las Secs. 709(e)(1) y la 209(e)(1) de los Títulos 29 y 11, respectivamente, de las Leyes de Puerto Rico Antodas (⁶) y no la citada Sec. 707, la cual es la que requiere que se siga un determinado y específico trámite administrativo; (⁷) por último, en apoyo de su posición la parte recurrida nos cita como "precedente jurisprudencial" una sentencia emitida —en relación con otro caso que tuvo el referido Departamento— por la Sala de Ponce del honorable Tribunal Superior de Puerto Rico. (⁸)

I

La Sec. 7 de la Ley Núm. 74 de 21 de junio de 1956 (29 L.P.R.A. sec. 707) conocida como la Ley de Seguridad de Empleo, en lo pertinente dispone:

(a) *Determinaciones y reconsideraciones.—*

(1) El Director determinará *a base de sus conclusiones de hecho,* bien a iniciativa propia o a solicitud de una unidad de empleo, o de uno o más de los empleados de ésta, *si la unidad de empleo es un patrono y si el servicio prestado a la misma constituye empleo.* La determinación deberá hacerse dentro de los cinco (5) años después de haber ocurrido los hechos que la motivan.

---

(⁶) Que son las que regulan la situación de informes trimestrales "incorrectos o insuficientes".

(⁷) Trámite que como veremos más adelante, requiere no sólo que la decisión que emita el director del Negociado de Seguridad de Empleo contenga "una exposición de los hechos encontrados probados" por éste, sino que el Secretario del Departamento del Trabajo conceda a la parte apelante una "oportunidad razonable para tener una *audiencia justa* según se provee en la sec. 706 de este título *para el caso de audiencias ante los árbitros".* (Énfasis suplido.)

(⁸) Las decisiones de los tribunales de instancia, no obstante merecer el respeto de todos, no constituyen precedentes.

(3) *Una notificación de la determinación hecha* por el Director bajo la cláusula (1) ó (2) de este inciso *que contendrá una exposición de los hechos encontrados probados por el Director* será enviada por correo o en alguna otra forma a la última dirección conocida de la unidad de empleo correspondiente y del empleado o empleados solicitantes.

(4) Dentro de quince (15) días después del envío por correo o algún otro medio de una notificación de una determinación hecha bajo la cláusula (1) ó (2) de este inciso a la última dirección conocida de una unidad de empleo y del empleado o empleados solicitantes, dicha unidad de empleo o cualquiera de sus empleados puede solicitar del Director la reconsideración de su determinación a la luz de evidencia adicional y que dicho funcionario emita una redeterminación. De acceder a lo solicitado, el Director enviará por correo o algún otro medio a la última dirección conocida de la unidad de empleo correspondiente, o del empleado o empleados solicitantes, un aviso de la redeterminación, *que incluirá una exposición de los hechos en apoyo de la misma que han sido encontrados probados por el Director*; si la solicitud fuera denegada suministrará aviso de dicha denegatoria.

(5) Dentro de quince (15) días del envío por correo o algún otro medio a la unidad de empleo y al empleado o empleados solicitantes, de una determinación hecha bajo la cláusula (1), (2), [6] (4) de este inciso o de una denegatoria de solicitud bajo la cláusula (4) de este inciso, dicha unidad de empleo o el empleado o empleados solicitantes, podrán apelar de la determinación al Secretario. *El Secretario concederá a las partes oportunidad razonable para tener una audiencia justa según se provee en la sec. 706 de este título para el caso de audiencias ante los árbitros.* La decisión del Secretario será final a menos que dentro del término de diez (10) días del envío por correo o algún otro medio a la última dirección conocida de una parte, ésta inicie procedimientos de revisión judicial de acuerdo con la sec. 706(i) de este título. Cuando la parte apelante fuere la unidad de empleo el tribunal judicial podrá requerir de ésta la prestación de una fianza para garantizar el pago de cualesquiera contribuciones e intereses que dicho tribunal finalmente determine que se adeudan por el apelante. (Énfasis suplido.)

## II

Independientemente de que para el recurrido Secretario del Trabajo resulte ser "meridianamente claro" que son tributables los "salarios" o compensación que reciben los socios de una sociedad profesional bajo las leyes de Seguridad de Empleo y la de Beneficios por Incapacidad, [9] la posición asumida por dicho funcionario en el presente caso no puede prevalecer.

■ Aceptar la misma convertiría la citada Sec. 707 de la ley en inoperante. Representaría que, una vez una "unidad de empleo" ha cualificado como "patrono" a los fines de la ley en relación con un tipo o clase de "servicio", ese patrono no pueda posteriormente cuestionar administrativamente la determinación "ministerial" del Departamento del Trabajo en relación con un *nuevo* tipo o clase de "servicio".

No podemos perder de vista que si bien es cierto que la sociedad recurrente ya tenía *status* de "patrono" desde el 1979, no es menos cierto que el Negociado, al "notificar" la deficiencia aquí en controversia, *está en efecto haciendo una nueva determinación sobre "unidad de empleo" y sobre si el "servicio" prestado por los socios a la misma constituye "empleo".*

Resolvemos que no concederle a un patrono, bajo esas circunstancias, el derecho a vista —en la cual tenga éste la oportunidad de exponer sus argumentos y presentar la prueba pertinente que entienda procedente— constituye una violación al debido procedimiento de ley. *Cf. Srio. del Trabajo* v. *Ríos*, 99 D.P.R. 538, 540–541 (1971).

■ No hay duda de que en este momento podríamos entrar a resolver el punto legal aquí en controversia. Preferimos, sin embargo, no hacerlo. Como es sabido, "la interpretación administrativa de un estatuto por aquellos organis-

---

[9] Punto que es debatible.

mos encargados de ponerlos en vigor y velar porque sus fines se cumplan nos merecen un gran peso". *Quevedo Segarra v. J.A.C.L.*, 102 D.P.R. 87, 96 (1974); *Román v. Superintendente de la Policía*, 93 D.P.R. 685 (1966). Ello es así por cuanto dichos organismos cuentan con una vasta experiencia y conocimiento (*expertise*) en relación con la materia con la que bregan día tras día. La interpretación que del estatuto éstos hagan y los fundamentos que aducen en apoyo de la misma, resultan de gran ayuda para los tribunales de justicia al éstos encontrarse en la posición de tener que pasar juicio sobre la corrección o no de las decisiones emitidas por dichos organismos.

En el presente caso, por razón de la posición errónea asumida por el recurrido Secretario del Trabajo, no contamos con el beneficio de una decisión fundamentada y, por tanto, con el "asesoramiento" administrativo pertinente de parte de este funcionario. Sería sumamente conveniente tenerlo. Es por ello que resolvemos devolver el caso a la agencia concernida para que, *previo cumplimiento con las disposiciones de la Sec. 707*, emita una fundamentada decisión al respecto.

*Se expide el auto de certiorari solicitado; se dicta sentencia que revoca la emitida en el presente caso por el tribunal de instancia y se devuelve el caso a ese foro para procedimientos ulteriores compatibles con lo aquí expuesto.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García concurren en el resultado sin opinión. El Juez Asociado Señor Díaz Cruz se inhibió.