# 99 DTA 186

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE CAGUAS/HUMACAO/GUAYAMA

RICARDO MALAVE RIVERA
Querellante-Recurrido

v.

INMOBILIARIA CAGUAX, S.E.
Querellado-Recurrente

Núm. KLRA-98-00619

San Juan, Puerto Rico, a 19 de mayo de 1999

Panel integrado por su Presidenta, Juez Rivera de Martínez
y los Jueces Colón Birriel y Soler Aquino

Rivera de Martínez, Juez Ponente

La parte recurrente, Constructora de las Américas, Inc., solicita que revisemos una resolución emitida por el Departamento de Asuntos del Consumidor el 7 de octubre de 1998, notificada en igual fecha.

Mediante la misma, el referido Departamento determinó que dicha constructora, actuando en común acuerdo con otra querellada, Inmobiliaria Caguax, S.E., incurrió en incumplimiento de contrato al construir la residencia de la parte querellante con especificaciones distintas a las establecidas en los planos. Conforme a ello ordenó a las querelladas que realizaran en la residencia de los querellantes todos los arreglos necesarios para que ésta quedara finalmente de acuerdo con las especificaciones de los planos o, en la alternativa, que pagaran en forma solidaria dos mil ($2,000) dólares, más los intereses legales al querellante. La recurrente presentó una moción de reconsideración la cual fue denegada.

Para una mejor comprensión del asunto planteado, a continuación hacemos un breve recuento del trasfondo fáctico y procesal que ha dado origen al recurso instado, según surge del expediente.

## I

El 13 de agosto de 1996, la parte querellante, compuesta por los señores Ricardo Malavé Rivera e Iris Ruffat Pastoriza, presentaron querella ante el Departamento de Asuntos del Consumidor contra las empresas, Inmobiliaria Caguax, S.E., y Constructora de las Américas, Inc. En la querella se alegó que en la residencia que les fuera entregada a los querellantes había defectos de construcción consistentes en incongruencias entre las especificaciones del plano de construcción y lo existente en la residencia.

El 18 de marzo de 1998, el referido Departamento celebró vista administrativa, en la que estuvieron presentes los querellantes y los representantes de la querellada, Constructora de Las Américas. La querellada, Inmobiliaria Caguax S.E., no compareció.

De las determinaciones de hecho realizadas por el foro administrativo surge que la parte querellante otorgó escritura de compraventa, segregación y liberación de hipoteca el 29 de septiembre de 1995 con Inmobiliaria Caguax S.E., ante el abogado-notario, Francisco M. Vázquez Santoni.

En el contrato de compraventa se incluyeron una serie de condiciones para la venta de una propiedad y solar localizado en la manzana o bloque B, Lote #19 de la Urbanización Mansiones de Bairoa y se identificó la residencia como modelo Viña del Mar, a un costo de ciento cuarenta y ocho mil setecientos setenta y cinco ($148,775) dólares.

En la cláusula número uno del referido contrato se estableció que la vendedora no haría cambios o sustituciones en los planos de la propiedad, a menos que autorizados por la Junta de Planificación y otras agencias gubernamentales, tanto del Estado Libre Asociado de Puerto Rico, como federales, según fuere el caso. Tales cambios serían notificados al comprador, por correo certificado, y se le concederían veinte (20) días después de notificados para aceptarlos o resolver el contrato.

Las querelladas, Inmobiliaria Caguax y Constructora de las Américas realizaron diversos cambios en los

planos, especificaciones y en la construcción, los cuales fueron descritos en la resolución recurrida, y nunca fueron notificados al comprador.

El técnico del Departamento de Asuntos del Consumidor, Wilson Torres Claudio, preparó un informe sobre la investigación que realizara en la residencia de los querellantes el 23 de septiembre de 1996, en el cual señaló una serie de hallazgos consistentes con los reportados por éstos.

La parte querellada corrigió parte de los señalamientos que le fueran hechos, pero no lo hizo con otros que también se habían incluido. La corrección de tales señalamientos no corregidos fue estimada por el técnico en la suma de mil trescientos cuarenta y seis dólares con sesenta centavos ($1,346.60).

El informe del referido técnico no incluyó en los costos de reparación un estimado de cuánto costarían dos (2) *"Back Splash"* en los dos baños y la agencia consideró la suma de ciento cincuenta ($150) dólares por cada uno de ellos, para un total de trescientos ($300) dólares adicionales.

El juez administrativo que intervino en la vista determinó, además, que el testigo de la parte querellada, Manuel Fuentes Ginorio, mintió bajo juramento cuando indicó que los planos de la residencia presentados por los querellantes no eran los correctos y que dichos planos no habían sido sometidos a la Oficina de Reglamentos y Permisos (A.R.P.E.) de Caguas. Esta agencia certificó que tales planos le fueron sometidos.

Ante estos hechos, el foro administrativo determinó que la querellada, Constructora de las Américas, Inc., actuando en común acuerdo con Inmobiliaria Caguax, incurrió en incumplimiento de contrato al construir la residencia de los querellados con especificaciones distintas a las establecidas en los planos, y sin la debida notificación a dicha parte. Ordenó a las querelladas corregir y reparar solidariamente los diversos señalamientos que no habían sido corregidos, además de realizar todas las terminaciones necesarias para que la residencia quedase construida conforme a las especificaciones de los planos. En la alternativa, ordenó a las querelladas pagar en forma solidaria a la parte querellante la suma de dos mil ($2,000) dólares, más los intereses legales a partir del 19 de julio de 1996, bajo apercibimiento de imposición de multa.

Inconforme con dicha determinación recurre ante nos Constructora de las Américas, Inc., y señala los siguientes errores:

*"1. Erró D.A.C.O. al condenar a Constructora de las Américas, Inc. por incumplimiento de un contrato de compraventa en que no intervino, sin recibir en evidencia el contrato de obra de ésta y sin evidencia de obligación legal u otra que justifique la condena en derecho.*

*2. Erró D.A.C.O. al condenar a Constructora de las Américas, Inc. solidariamente con Inmobiliaria Caguax, S.E. sin fundamento válido en derecho, lo que resulta en el abuso de derecho al condenar a aquellas por las obligaciones que surgen de un contrato en el que no intervino.*

*3. Erró D.A.C.O. al condenar a Constructora de las Américas, Inc., en la cantidad de $2,00.00 sin que exista en el récord evidencia que sostenga dicha cuantía."*

El planteamiento de la recurrente consiste, básicamente, en que el alegado incumplimiento de contrato lo fue respecto a un contrato de compraventa en el cual no fue parte, por lo que no quedaba obligada al cumplimiento del mismo.

La agencia administrativa expresó su posición en un escrito de réplica basado en los fundamentos contenidos

en la resolución recurrida. Adujo, en adición, que la querellada corrigió unos defectos y otros no, y que se ofreció a responder por las diferencias que pudieran existir entre la casa modelo y la de los querellantes, por lo que ahora no podría ir contra sus propios actos.

Contando con la posición de ambas partes, estamos en condiciones de resolver. Veamos:

## II

El Artículo 1042 de nuestro Código Civil ▮ dispone que las obligaciones nacen de la ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia.

Por su parte, el Artículo 1043 ▮ del mismo cuerpo legal preceptúa que las obligaciones derivadas de la ley no se presumen y que sólo son exigibles las expresamente determinadas por el Código Civil o en leyes especiales, las que se regirán por los preceptos de la ley que las hubiere establecido, y en lo que ésta no hubiere previsto, por las disposiciones del Código.

La decisión del foro administrativo estuvo basada en la Ley 130 del 13 de junio de 1967, ▮ conocida como Ley de la Oficina del Oficial de Construcción, según enmendada. El Artículo 11 de dicha ley dispone que cualquier optante o cualquier comprador de una vivienda podrá radicar en el Departamento de Asuntos del Consumidor una querella alegando que el urbanizador o constructor de su vivienda ha incurrido en una práctica indeseable de construcción.

El Artículo 9 de la citada Ley 130 incluye como una de las prácticas indeseables que el constructor:

*"Altere o modifique los planos de una vivienda o modelo aprobado por la Junta de Planificación y/o la Administración de Reglamentos y Permisos, disponiéndose que toda solicitud de enmienda a los planos o especificaciones del proyecto radicada ante la Junta de Planificación y/o la Administración de Reglamentos y Permisos, deberá estar precedida de un aviso cursado por el urbanizador o constructor a los optantes y/o compradores, mediante correo certificado con acuse de recibo con por lo menos veinte (20) días de antelación a la radicación de las enmiendas allí solicitadas."*

Una disposición análoga fue incorporada en la Sección 10(c) del *"Reglamento para regular las distintas actividades que se llevan a cabo en el negocio de la construcción de viviendas privadas en Puerto Rico"*. ▮

De lo anterior, surge claramente la obligación que la ley y los preceptos reglamentarios le imponen al constructor de una vivienda de cumplir con los planos o especificaciones de la obra. Tal incumplimiento conlleva penalidades incluidas en los preceptos legales a los cuales nos hemos referido.

Según las determinaciones de hechos realizadas por el foro administrativo, tanto Inmobiliaria Caguax, como Constructora de las Américas, realizaron cambios en los planos, especificaciones y construcción de la residencia de los querellados, planos que antes de los cambios efectuados habían sido aprobados por la Administración de Reglamentos y Permisos, sin que para ello notificaran a los compradores. Determinó la agencia administrativa que tal conducta fue llevada a cabo mediando el mutuo acuerdo de las partes querelladas. Ninguna prueba fue presentada para impugnar tal determinación, por lo que, ante ello, actuó correctamente la agencia administrativa.

Respecto a la responsabilidad solidaria, los artículos 1090 y 1091 del Código Civil de Puerto Rico ▮ establecen que la concurrencia de dos o más deudores en una sola obligación no implica la solidaridad entre los mismos. La solidaridad no se presume. En cualquier caso, sólo habrá lugar para esto, cuando la obligación expresamente lo determine; de otro modo regirá la mancomunidad.

Aunque el Tribunal Supremo ha resuelto que de no existir convenio entre las partes su responsabilidad será mancomunada, no obstante, ha considerado la responsabilidad solidaria, cuando se origina por culpa conjunta de los contratistas, o la causa del defecto es indeterminable, o existe concurrencia de culpas y éstas se encuentran tan íntimamente ligadas que no es posible separarlas. *Fantauzzi v. Pleasant Homes, Inc.,* 113 D.P.R. 132 (1982); *Acevedo Hernández v. C.R.U.V.,* 110 D.P.R. 655 (1981).

Contrario a lo expresado por la parte recurrente, el cuadro fáctico establecido por el foro recurrido no permite dudas en torno al hecho de que la actuación de las querelladas fue realizada conjuntamente, por mutuo acuerdo. Ambas realizaron actos dirigidos a realizar cambios en los planos, sus especificaciones y en la construcción, que nunca fueron notificados al comprador. Las determinaciones de hechos de la agencia están plenamente respaldadas por la evidencia, según surge del expediente ante nos. Existiendo una concurrencia de culpa en la actuación de las querelladas, no erró el foro administrativo al contemplar la solidaridad en el pago de la obligación.

En lo que concierne a la cuantía de dos mil ($2,000) dólares que le fuera impuesta a la parte recurrida, el planteamiento es inmeritorio, ya que la parte peticionaria tuvo oportunidad de impugnar los costos estimados y no lo hizo. En la resolución recurrida se encuentran detalladas todas las reparaciones que las querelladas se negaron a llevar a efecto en la residencia de la parte querellante. A base de las mismas el foro administrativo estimó los daños y asignó la cantidad necesaria para reparar los mismos.

Reiteradamente se ha resuelto que los tribunales no deben intervenir en los quehaceres de las agencias administrativas más allá de lo que sea realmente necesario, ya que las decisiones y criterios de los organismos administrativos especializados merecen gran consideración y respeto, por su vasta experiencia y conocimiento. *Agosto Serrano v. Fondo del Seguro del Estado,* ___ D.P.R. ___ (1993), **93 J.T.S. 37,** opinión de 8 de marzo de 1993; *M & V Orthodontics v. Negociado de Seguridad en el Empleo,* 115 D.P.R. 183 (1984). Además, las determinaciones de hechos realizadas por los organismos administrativos tienen a su favor una presunción de regularidad y corrección que prevalece mientras la parte que las impugne no produzca suficiente evidencia para derrotarlas. *Metropolitana S.E. v. A.R.P.E.,* ___ D.P.R. ___, **95 J.T.S. 39,** opinión de 10 de abril de 1995; *La Facultad para las Ciencias Sociales Aplicadas v. Consejo de Educación Superior,* ___ D.P.R. ___ (1993), **93 J. T.S. 88,** opinión de 2 de junio del 1993; *Aulet Lebrón v. Depto. de Servicios Sociales,* ___ D.P.R. ___ (1991), **91 J.T.S. 73,** opinión de 28 de junio de 1991. La parte recurrente no ha logrado rebatir tal presunción.

Las determinaciones de hechos realizadas por un organismo administrativo serán concluyentes si están sostenidas por evidencia sustancial que obre en el expediente administrativo. [6] *Misión Industrial v. Junta de Planificación,* ___ D.P.R. ___ (1997), **97 J.T.S. 34,** opinión de 21 de marzo de 1997; *Metropolitana S.E. v. A.R. P.E., supra; Delgado Rodríguez v. Nazario de Ferrer,* 121 D.P.R. 347 (1988); *López v. Junta de Planificación,* 80 D.P.R. 646 (1958). No obstante, las conclusiones estrictamente de derecho podrán ser revisadas en todos sus extremos. *Rodrigo v. Tribunal Superior,* 101 D.P.R. 151 (1973); *Murphy Bernabé v. Tribunal Superior,* 103 D.P. R. 692 (1975). Evidencia sustancial es aquella que una mente razonable podría aceptar como adecuada para sostener una conclusión, aunque exista prueba conflictiva de la cual puedan inferirse conclusiones distintas a las que la agencia adopta. Para que un Tribunal pueda decidir que la evidencia en el expediente no es sustancial es necesario que la parte afectada demuestre que existe otra prueba en el récord que razonablemente reduzca o menoscabe el peso de tal evidencia, hasta el punto de que un tribunal no pueda, concienzudamente, concluir que la evidencia sea sustancial, en vista de la prueba presentada y hasta el punto que se demuestre claramente que la decisión no está justificada por la evaluación justa del peso de la prueba que tuvo ante su consideración. *Hilton Hotels v. Junta de Salario Mínimo,* 74 D.P.R. 670 (1953); *Metropolitana S.E. v. A.R.P.E., supra; Junta de Relaciones del Trabajo v. Línea Suprema,* 89 D.P.R. 846 (1984).

En lo que concierne a la credibilidad que le merezcan los testigos de una y otra parte, se ha resuelto que ello es función exclusiva del organismo administrativo. *Junta de Relaciones del Trabajo v. Simmons Int'l Ltd.,* 78 D. P.R. 375 (1955).

La apreciación de la prueba que realizara el organismo administrativo debe prevalecer en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Gallardo v. Petiton,* ___ D.P.R. ___ (1992), **92 J.T.S. 158,** opinión de 30 de noviembre de 1992; *Rivera Pérez v. Cruz Corchado,* 119 D.P.R. 8 (1987); *Quintana Tirado v. Longoria,* 112 D.P.R. 276 (1982). Nuestra función es examinar la totalidad del expediente ante nuestra consideración y refrendar la decisión del organismo administrativo si está basada en evidencia sustancial. *Junta de Relaciones del Trabajo v. Línea Suprema, Inc.,* 89 D.P.R. 840 (1964).

En el presente caso, la parte recurrente no nos ha puesto en condiciones de ejercer nuestra discreción hacia su reclamo, por no haber demostrado, con la evidencia suficiente, que la presunción de regularidad y corrección que tienen a su favor las determinaciones de los organismos administrativos ha quedado derrotada. Por el contrario, lo que surge del análisis de la prueba presentada es que la decisión administrativa estuvo plenamente justificada y que la evaluación que hizo la agencia de la prueba que tuvo ante sí fue justa. En ausencia de prueba que menoscabe tal evidencia tenemos la obligación de respetar la decisión.

La parte recurrente no ha colocado a este tribunal en condiciones de determinar que las conclusiones de hechos formuladas por la agencia administrativa no encuentran apoyo en la evidencia desfilada ante ese organismo. Las alegaciones sometidas por dicha parte no invalidan la razonabilidad de la decisión administrativa. Meras alegaciones, argumentos y teorías, no constituyen prueba. *Presure Vessels of P.R. v. Empire Gas of P.R.,* ___ D.P.R. ___ (1994) **94 J.T.S. 144,** opinión de 23 de noviembre de 1994; *Ramos Robles v. García Vicario,* ___ D.P.R. ___ (1993), **93 J.T.S. 167,** opinión de 20 de diciembre de 1993.

### III

Por los fundamentos antes expuestos, y no habiéndose cometido ninguno de los errores señalados, se expide el auto y confirmamos la resolución recurrida.

Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 186**

**1.** 31 L.P.R.A. sec. 2992.

**2.** 31 L.P.R.A. sec. 2993.

**3.** 17 L.P.R.A. sec. 301 *et seq.*

**4.** Reglamento 2268 del Departamento de Asuntos del Consumidor, aprobado el 17 de agosto de 1977.

**5.** 31 L.P.R.A. secs. 3101 y 3102.

**6.** Véase sobre esto la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2175.