Feliciano Acevedo, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
La Autoridad de Acueductos y Alcantarillados de P.R. (en adelante A.A.A. o la autoridad), recurre ante nos *874 en auxilio de nuestra jurisdicción y solicita que revoquemos la determinación del Comité de Apelaciones de la misma A.A.A., del 2 de julio de 1998, mediante la cual, se le concedió un aumento de sueldo al empleado José Juan Molina Umpierre, el aquí apelante-recurrido, en virtud de la aprobación del nuevo Reglamento de Retribución Uniforme de la A.A.A., del 10 de agosto de 1992.
La cuestión que nos corresponde dirimir en el presente caso es si en efecto, ¿podía concedérsele un aumento de sueldo al empleado Molina Umpierre en virtud de lo dispuesto por el nuevo Reglamento de Retribución Uniforme, supra, de la A.A.A., según fuese interpretado y a la luz de lo resuelto por este Tribunal (entiéndase el Tribunal de Circuito de Apelaciones) en una ocasión anterior y ante hechos similares? Entendemos que sí.
Por los fundamentos que expondremos a continuación, confirmamos la resolución recurrida.
I
El 10 de agosto de 1992, la A.A.A., apelada-recurrente, puso en vigor un nuevo Reglamento de Retribución Uniforme. Dicho reglamento sustituyó las anteriores escalas de retribución existentes en la A.A.A.
Para la fecha de aprobación de dicho reglamento, José Juan Molina Umpierre, apelante-recurrido, ocupaba el puesto de Coordinador de Asuntos Públicos al igual que Manuela Rosado Rosado, Aida K. Peña Santiago y Luis R. Ortiz Lugo. El mencionado puesto devengaba una retribución salarial mínima de $860.00, una máxima de $2,010.00 y estaba ubicado en la escala II de salarios, conforme a la escala de retribución existente. Al aprobarse el nuevo Reglamento de Retribución Uniforme, supra, el puesto de Coordinador de Asuntos Públicos pasó a ser ubicado en la escala III de salarios, con una retribución mínima de $1,021.00 y una máxima de $1,429.00.
El 28 de diciembre de 1992, la A.A.A. le envió una comunicación a los empleados Manuela Rosado Rosado, Aida K. Peña Santiago y Luis R. Ortiz Lugo, los cuales, según dijéramos anteriormente, ocupaban el mismo puesto que Molina Umpierre; el de Coordinador de Asuntos Públicos. En dicha comunicación la A.A.A. les informa á estos empleados, que desde el 30 de octubre de 1992 fue necesario concederles un aumento de sueldo de $95.00 para garantizarles el salario mínimo básico de su puesto. Esto en virtud de la reasignación del puesto de Coordinador de Asuntos Públicos de una escala II a una escala III, a raíz de la aprobación del nuevo reglamento de retribución. En otras palabras, el salario mínimo del puesto aumentó de $926.00 a $1,021.00.
En vista de que a Molina Umpierre no se le concedió aumento salarial alguno, estando éste, ocupando el mismo puesto que los empleados de A.A.A. antes mencionados, Molina Umpierre presentó el 25 de enero de 1996 su reclamo ante el Comité de Apelaciones de la A.A.A., (en adelante el Comité). A este reclamo se le designó como el caso núm. CA-96-05.
En la vista que se celebrase el 5 de marzo de 1998, las partes estipularon los hechos pertinentes del caso y Molina Umpierre solicita del Comité que éste aplique lo resuelto por el Tribunal de Circuito de Apelaciones en el caso de Cora Reyes y otros v. A.A.A., Núm. KLRA-96-00231, Revisión Administrativa del 27 de noviembre de 1997, procedente del Circuito Regional I, San Juan, Panel III, integrado por su presidenta la Jueza Ramos Buonomo y los Jueces González Román y Córdova Arone.
En síntesis, ante hechos similares a los que motivan el recurso ante nos, este tribunal, en voz de la Jueza Ramos Buonomo, determina que erró la Autoridad al negarse a conceder un aumento de sueldo a los recurrentes al amparo de su Reglamento de Retribución Uniforme, supra, ya que “la sección del reglamento en el [sic] cual se basó la A.A.A. para no conceder los aumentos de sueldo solicitados, es nula por contravenir el principio de mérito que permea todo el sistema de servicio público de nuestro país”.
*875 Es de suma importancia señalar que al igual que los recurrentes en el caso de Cora Reyes y otros v. A.A.A., supra, Molina Umpierre recibía una retribución salarial mayor al mínimo establecido en la escala II (escala a la cual pertenecía su puesto como Coordinador de Asuntos Públicos) y a su vez, mayor al mínimo salarial establecido por la reasignación de su puesto a la escala III. Esto último debido a unos “pasos” o compensaciones salariales que había recibido Molina Umpierre como resultado del mérito desplegado en su trabajo y sus años de experiencia.
Por su parte, la A.A.A. arguye ante el Comité que el Reglamento de Retribución Uniforme, supra, prohibe expresamente el que se le conceda un aumento salarial a todo aquel empleado que sobrepase la retribución mínima establecida para la reasignación de la escala salarial de su puesto. Arguye además la A.A.A., que al momento de presentada la apelación de Molina Umpierre ante el Comité, la determinación del Tribunal de Circuito de Apelaciones en el caso de Cora Reyes y otros v. A.A.A., supra, no era final y firme ya que se encontraba en apelación ante el Tribunal Supremo.
El Comité de Apelaciones dio el caso por sometido y le concedió a las partes hasta el 17 de abril de 1998 para que comparecieran por escrito. El 2 de julio de 1998 habiendo las partes comparecido por escrito, el Comité emite su resolución y en ésta acoge lo resuelto en el caso de Cora Reyes y otros v. A.A.A., supra, y ordena que se le otorgue a Molina Umpierre un aumento de salario equivalente al 6% del salario que devengaba al 30 de octubre de 1992, a partir de dicha fecha.
Por último, cabe señalar que en el caso de Cora Reyes y otros v. A.A,A., supra, el 22 de mayo de 1998, el Tribunal Supremo declaró no ha lugar a la petición de certiorari que hiciera la A.A.A., por falta de jurisdicción. La misma había sido radicada fuera del término jurisdiccional establecido.
El 30 de junio de 1998 ante moción de reconsideración de la A.A.A., el Tribunal Supremo declara no ha lugar a la misma.
Finalmente, el 30 de julio de 1998, ante una segunda moción de reconsideración, el Tribunal Supremo declara la misma nuevamente no ha lugar y le instruye al peticionario que se atenga a lo resulto.
II
Así las cosas, la A.A.A. acude ante nos y señala la comisión de los siguientes errores:

“Erró el Comité de Apelaciones al determinar que al empleado hay que concederle un aumento de salario”.

“Erró el Comité de Apelaciones al determinar que el empleado fue reclasificado y ascendido de puesto”.

III
Nos parece pertinente, antes de pasar a discutir los alegados errores que motivan este recurso, esgrimir ciertos principios doctrinales que enmarcan el ejercicio de la revisión administrativa. En el ámbito del Derecho Administrativo, se há reiterado en un sinnúmero de ocasiones que las interpretaciones y determinaciones de los organismos administrativos, merecen gran consideración y respeto. Santos v. Comerío, Op. 8 de enero de 1997, 96 J.T.S. 170, pág. 458, 142 D.P.R. _ (1997); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692, 699 (1975). Estos organismos especializados en la materia o campo al que se dedican, cuentan con la “vasta experiencia y conocimiento” producto de su exposición diaria con dicha materia. M. & V. Orthodontics v. Negociado de Seguridad de Empleo, 115 D.P.R. 183, 189 (1984).
No empece a la existencia de una presunción de corrección y regularidad en los procesos administrativos, *876 ésta no los exime de la revisión judicial. Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Demetrio Fernández Quiñones, Ed. Forum, págs. 137-148 (1983). En cuanto al particular, nuestro más alto Tribunal en Misión Industrial de P.R. v. Junta de Planificación de P.R., Op. 21 de marzo de 1997, 97 J.T.S. 34, pág. 727, 142 D.P.R. _ (1997) nos dice:
"... el análisis de la facultad de dicho Tribunal [entiéndase la del Tribunal de Circuito de Apelaciones] al expedir recursos de revisión no se da en el vacío... Además de corregir los errores cometidos por los foros inferiores cuyas decisiones está llamado a revisar, juega un papel importante en la aplicación de la doctrina y los cuerpos legales y reglamentos según interpretados por el Tribunal Supremo”.
No obstante, esto no debe entenderse como una “carta blanca” a la intervención de los tribunales con las determinaciones e interpretaciones de los organismos administrativos. Misión Industrial de P.R. v. Junta de Planificación de P.R. y A.A.A., supra. La revisión judicial se limita a, actuaciones arbitrarias, caprichosas, ilegales o irrazonables o que las determinaciones del organismo administrativo estén huérfanas de prueba que las sustenten. Asociación Pro Control de Acceso Calle Maracaibo Inc. v. Cardona Rodríguez, Op. 31 de octubre de 1997, 97 J.T.S. 127, pág. 79, 144 D.P.R. _ (1997); Fuertes y otros v. A.R.P.E., Op. 17 de diciembre de 1993, 93 J.T.S. 165, pág. 11385, 134 D.P.R. _ (1993).
IV
Con estos principios doctrinales como norte, pasemos entonces a determinar la sabiduría de las alegaciones de error del presente recurso. En su primer señalamiento de error la apelada-recurrente (A.A.A.), arguye que no procede la concesión de un aumento salarial al empleado Molina Umpierre ya que éste, al momento de la reasignación de las escalas salariales, devengaba un sueldo mensual superior al de la nueva escala salarial de su puesto. La A.A.A. se ampara en lo dispuesto por la sección 8.1(5) de la Ley de Retribución Uniforme de la A.A. A. del 10 de agosto de 1992. Señala además, que el Comité abusó de su discreción al determinar que la mencionada sección de la Ley de Retribución Uniforme, supra, es nula pues es contraria a la Ley y que tal actuación del Comité es una “ultra vires”. No le asiste la razón. Nos explicamos.
En Puerto Rico el empleo en el sector público está regido y cobijado por la Ley de Personal del Servicio Público, ley 5 de 14 de octubre de 1975, 3 L.P.R.A. secs. 1301, et seq. El propósito de dicha ley es “establecer el mérito como el principio que regirá todo el servicio público, de modo que sean los más aptos los que sirvan al Gobierno", Ley de Personal, 3 L.P.R.A. sec. 1311(1). Estos empleados serán adiestrados, seleccionados y retendrán sus puestos en atención a sus méritos y capacidades, 3 L.P.R.A. sec. 1311(1).
La Ley de Personal, supra, enumera taxativamente los sectores del servicio público que estarán exentos de su aplicación. Entre las exclusiones de dicha ley se encuentran las agencias e instrumentalidades del Gobierno que funcionen como empresas o negocios privados, 3 L.P.R.A. sec. 1338(3). Para todos los efectos de esta ley, la A. A.A. es una de las agencias o instrumentalidades exentas de su aplicación. A.A.A. v. Unión Empleados A.A.A., 105 D.P.R. 437, 456 (1976). Sin embargo, se ha resuelto que el principio de mérito abarca en su aplicación a todo el servicio público, incluyendo las agencias que como la A.A.A., operan como empresas o negocios privados. Véase en cuanto al particular, Reyes Coreano v. Director Ejecutivo, 110 D.P.R. 40, 48 (1980). Por lo tanto aplica el principio de mérito a los empleados de la A.A.A.
Veamos lo que dispone la Ley de Retribución Uniforme, supra, génesis de esta controversia, en su sección 8.1(5):

“Cuando se enmienda el Plan de Retribución por efecto de la reasignación de una clase o serie de clases a una escala de retribución superior, se ajustarán los sueldos al tipo mínimo de la escala a aquellos empleados 
*877
que al momento de la reasignación estuvieren devengando un sueldo inferior a dicho mínimo. En todos los demás casos no se efectuarán ajustes salariales. ”

El texto de la sección 8.1(5), supra, claramente establece que sólo se concederá el aumento salarial necesario para que el empleado alcance la retribución mínima de la escala salarial a la cual su puesto ha sido reasignado. No obstante, concurrimos con lo resuelto en el caso de Cora Reyes y otros, v. A.A.A., supra y entendemos que lo dispuesto en el reglamento no es cónsono con el principio de mérito, principio rector de nuestro servicio público.
No por esto debe entenderse que de forma alguna estamos obligados por lo resuelto por otros paneles de este Tribunal. El Reglamento del Tribunal de Circuito de Apelaciones en su regla 11 (D) establece que las decisiones de este Tribunal no constituyen un precedente y que sólo las decisiones del Tribunal Supremo de P.R. podrían ser consideradas como tal. Sin embargo, las decisiones del Tribunal de Circuito de Apelaciones, pueden ser citadas con aprobación por su valor persuasivo. Regla 11(D), supra. Simplemente reconocemos la sabiduría y el valor de los razonamientos de nuestro panel compañero.
Entendemos además, que la aplicación del principio de mérito a todos los sectores del empleo público debe ser interpretado “in pari materia” con los reglamentos de personal de cada una de las agencias e instrumentalidades de nuestro Gobierno ya que: "... las leyes referentes a un mismo asunto deben ser interpretadas refiriéndose las unas a las otras para que lo que es claro en un precepto pueda explicar lo dudoso en otro”. Art. 18 del Código Civil, 31 L.P.R.A. sec. 18; Aulet v. Depto. Servicios Sociales, 129 D.P.R. 1, 28 (1991). Véase además lo expresado en Reyes Coreano v. Director Ejecutivo, supra, págs. 47-48.
Confirmamos la actuación del Comité al concederle un aumento salarial al empleado Molina Umpierre por motivo de la reasignación de la escala salarial de su puesto. Cabe señalar, que la actuación del Comité se basó en lo resuelto por este Honorable Tribunal en Cora Reyes y otros, v. A.A.A., supra, y que de ninguna manera abusó de su discreción, ni su actuación es una “ultra vires”, es decir, que transgrede la autoridad que le ha sido delegada. Por el contrario, el Comité obró según las exigencias del orden jerárquico de nuestro sistema judicial. Véase además el Preámbulo del Reglamento del Tribunal de Circuito de Apelaciones; Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Demetrio Fernández Quiñones, Ed. Forum, págs. 148-149.
V
En su último señalamiento de error, la A.A.A. plantea que el Comité, con su actuación, lo que hizo fue reclasificar y ascender de puesto al empleado Molina Umpierre. Entendemos que no.
En estos momentos no existe reglamentación alguna que atienda el caso que motiva esta controversia. El Comité, por tanto, al momento de emitir su resolución, se halla desprovisto de antecedentes legales y reglamentarios para determinar la fórmula o porcentajes a ser aplicados en estos casos. El Comité se ve en la obligación de hallar entonces, una solución justa y razonable a este dilema; le corresponde resolver conforme a equidad. El Art. 7 del Código Civil, 31 L.P.R.A. sec. 7, en su segundo párrafo nos dice:

“Cuando no haya ley aplicable al caso, el tribunal resolverá conforme a equidad que quiere decir que se tendrá en cuenta la razón natural de acuerdo con los principios generales del derecho y los usos y costumbres aceptados y establecidos. ”

En su resolución del caso ante nos, del 2 de julio de 1998, pág. 9, el Comité señala:

“Entendemos sin embargo, que la solución más justa en este momento es ajustamos al Reglamento [entiéndase Ley Uniforme de Retribución, supra,] en cuanto a lo que provee para las reclasificaciones, o sea, lo 
*878
que provee la sección 8.1 (4), que hace referencia a su vez a la sección 8.1(2). En ese caso se concedería un aumento máximo de un 6% del salario que devengaba el empleado al 30 de octubre de 1992. ”

Nos parece que lo propuesto por el Comité es una solución justa, equitativa y razonable. Esta deberá prevalecer hasta tanto medie una determinación judicial de nuestro Tribunal Supremo o una acción legislativa que disponga otra cosa.
VI
Por los fundamentos que anteceden, confirmamos la resolución emitida por el Comité de Apelaciones de la A.A.A., del 2 de julio de 1998.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General